# In the United States Court of Federal Claims

No. 10-812 C
(Filed November 30, 2010)

```
* * * * * * * * * * * * * * *    *
HUNTSVILLE TIMES CO. INC.,       *
                                 *
          Plaintiff,             *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
          Defendant.             *

* * * * * * * * * * * * * * *    *
```

## ORDER

Huntsville Times Co. Inc. (HTC) filed its post-award bid protest complaint on November 24, 2010. In its complaint, HTC challenges the award of a contract by the United States Army (Army) to Tennessee Valley Printing Company (TVP), pursuant to Solicitation No. W9124P-10-R-A005. The contract is for publication of the "Redstone Rocket," a free weekly publication distributed at the Redstone Arsenal in Alabama. HTC seeks a permanent injunction and declaratory relief. Plaintiff also filed an application for a temporary restraining order (TRO) and a motion for a preliminary injunction to stay performance of the contract.

The court held a telephonic status conference with counsel for defendant and plaintiff on November 24, 2010. Participating with the undersigned in the teleconference were:

      Lars E. Anderson, counsel for plaintiff;
      David S. Silverbrand, counsel for defendant;
      Peter F. Pontzer, Department of the Army;
      Jeffrey Johnson, law clerk.

Defendant's counsel was unable to reach Army personnel familiar with the award of the contract, however, by the time of the teleconference on November 24, 2010. The court declined to issue a TRO that day, and deferred further discussion of

injunctive relief and a briefing schedule until the teleconference could reconvene on Monday, November 29, 2010.

The court held a second telephonic status conference with counsel, including a hearing of argument debating plaintiff's request for a TRO, on November 29, 2010.[1]  Participating with the undersigned in the teleconference were:

      Lars E. Anderson, counsel for plaintiff;
      James Y. Boland, for plaintiff;
      Maria Alejandra del-Cerro, for plaintiff;
      David S. Silverbrand, counsel for defendant;
      Capt. Edward Ahn, Department of the Army;
      Wes Smith, Department of the Army;
      Bruce Bartholomew, Department of the Army;
      Sylvia Wilmer, Department of the Army;
      Daniel H. Markstein III, counsel for TVP;
      Walter A. (Tod) Dodgen, for TVP;
      Stephen D. Davis II, for TVP;
      John Bean, law clerk.

Mr. Markstein informed the court that TVP intended to intervene and that a motion to intervene would be filed very soon.  Defendant informed the court that the Army would not voluntarily stay performance of the contract.  According to defendant, no current contract with plaintiff would permit HTC to publish more issues of the Redstone Rocket, and the Army, if enjoined by the court from moving forward with its contract with TVP during the pendency of this protest, would likely not seek to continue publication of the Redstone Rocket while the injunction was in place.

The court heard argument from the parties regarding Plaintiff's Application for a Temporary Restraining Order and Motion for a Preliminary Injunction.  The court then denied plaintiff's requests for a TRO and a preliminary injunction, a decision which will be memorialized in a separate opinion to follow.  Turning to plaintiff's remaining requests for declaratory and permanent injunctive relief, the

---

[1]/  As of the issuance of this order, potential intervenor-defendant TVP had not filed its motion to intervene.

court encouraged the parties to come to agreement as to a briefing schedule. That schedule is set forth below.

  The parties also agreed that the court's standard protective order should be entered in this case. Counsel for HTC applied for access to information under the protective order for Lars E. Anderson, James Y. Boland, Maria Alejandra del-Cerro and Michael W. Robinson. Counsel for potential intervenor-defendant TVP applied for access to information under the protective order for Daniel H. Markstein III, Walter A. (Tod) Dodgen, J. Andrew Watson III and Stephen D. Davis II. No objections were raised to these attorneys having access to confidential information. On November 30, 2010, HTC filed a motion for entry of a protective order, which will be issued shortly.

  The schedule agreed to by the parties depends generally on the cooperation of the parties, and specifically on achieving consensus regarding the contents of the administrative record before that record is filed with the court.

  Accordingly, it is hereby **ORDERED** that:

(1)  Plaintiff's Motion for Leave to File [the Complaint and TRO Motion] Under Seal, filed November 24, 2010, is **GRANTED**;

(2)  Plaintiff's Application for a Temporary Restraining Order and Motion for a Preliminary Injunction, filed November 24, 2010, is **DENIED**;

(3)  Plaintiff's Motion for a Protective Order, filed November 30, 2010, is **GRANTED**, and a separate protective order will issue shortly;

(4)  TVP shall **FILE** a **Motion to Intervene**, or a **Notice** informing the court that TVP does not intend to intervene in this protest, on or before **December 1, 2010**;

(5)  Defendant shall **FILE** the Administrative Record in CD-ROM format no later than **5:00 p.m. eastern time** on **December 8, 2010**. Defendant shall **DELIVER** two bound paper copies of

the Administrative Record to chambers no later than **5:00 p.m. eastern time** on **December 8, 2010**;

(6) Plaintiff shall **FILE** its Motion for Judgment on the Administrative Record, including any requests for a permanent injunction and/or declaratory relief, no later than **5:00 p.m. eastern time** on **December 16, 2010**;

(7) Defendant and intervenor-defendant[2] shall **FILE** their Cross Motions for Judgment on the Administrative Record and Responses to Plaintiff's Motion for Judgment on the Administrative Record by **5:00 p.m.**, **eastern time** on **December 30, 2010**;

(8) Plaintiff shall **FILE** a Response/Reply to defendant's and intervenor-defendant's Cross Motions by **5:00 p.m.**, **eastern time** on **January 7, 2011**;

(9) Defendant and intervenor-defendant shall **FILE** their Replies by **5:00 p.m.**, **eastern time** on **January 14, 2011**;

(10) Whenever briefing, including exhibits and attachments, causes an electronic filing to exceed thirty pages, the party shall **DELIVER** two paper courtesy copies of that filing to chambers by **5:00 p.m. eastern time** on the day of the filing; and

(11) **Oral Argument** in this case shall be **HELD** on **January 19, 2011** at **2:00 p.m. eastern time** at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington, DC. The location of the courtroom will be posted on the directory in the lobby.

/s/Lynn J. Bush
LYNN J. BUSH
Judge

---

[2]/ In the event that TVP moves to intervene in this case.